Matter of Adams v Veolia Transp. Servs. (2025 NY Slip Op 05947)

Matter of Adams v Veolia Transp. Servs.

2025 NY Slip Op 05947

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-05162
 (Index No. 614521/21)

[*1]In the Matter of Althea Adams, et al., appellants,
v
Veolia Transportation Services, etc., et al., respondents-respondents, et al., respondents.

Gail M. Blasie, P.C., Garden City, NY, for appellants.
Harris Beach Murtha Cullina, PLLC, Pittsford, NY (Roy R. Galewski and Megan Knepka of counsel), for respondent-respondent Veolia Transportation Services.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (William C. DeWitt of counsel), for respondent-respondent County of Nassau (no brief filed).

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitration award dated August 17, 2021, as granted the motion of the respondents Veolia Transportation Services and County of Nassau to dismiss the petitioners' claim insofar as asserted against them, the petitioners appeal from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered April 13, 2022. The order denied the petition and confirmed the arbitration award.
ORDERED that the order is affirmed, with costs to the respondent Veolia Transportation Services.
In November 2021, the petitioners commenced this proceeding against, among others, the respondents Veolia Transportation Services and County of Nassau (hereinafter together the respondents) pursuant to CPLR article 75 to vacate so much of an arbitration award dated August 17, 2021, as granted the respondents' motion to dismiss the petitioners' claim insofar as asserted against them. The arbitrator determined, in relevant part, that the terms of a "unified protective arrangement" entered into by the County and MTA Long Island Bus in 2011 (hereinafter the 2011 agreement) did not permit enforcement by a union-represented employee in his or her individual capacity and, therefore, that the petitioners lacked standing. In an order entered April 13, 2022, the Supreme Court denied the petition and confirmed the arbitration award. The petitioners appeal. We affirm.
"It is well settled that judicial review of arbitration awards is extremely limited. An arbitration award must be upheld when the arbitrator offer[s] even a barely colorable justification for the outcome reached" (Wein & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [citation and internal quotation marks omitted]). As the courts of this state have noted, "an arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (id. at 479-480).
Here, the arbitrator decided an issue that was placed squarely before him both by the terms of the 2011 agreement and by the submissions of the parties, i.e., whether the 2011 agreement permitted individual employees to initiate arbitration directly or whether it was only permissible to initiate arbitration through their union representatives. The arbitrator demonstrated, in his award, that a justification existed for his interpretation of the 2011 agreement. Accordingly, he did not exceed his power (Matter of Piller v Eisner, 173 AD3d 1035).
"The scope of the public policy exception to an arbitrator's power is extremely narrow" (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 80), existing only where a court concludes that there are "strong and well-defined policy considerations embodied in constitutional, statutory, or common law" that the "final result creates an explicit conflict with" (Matter of County of Nassau v Nassau County Sheriff's Corr. Officers' Benevolent Assn., 223 AD3d 660, 663 [alteration omitted]). Here, the petitioners have failed to show that the 2011 agreement, which was drafted in accordance with federal law (see 49 USC § 5333), certified by the United States Department of Labor, and required union-represented employees to assert claims through their union representative, violated public policy.
The petitioners' remaining contentions are without merit.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court